Young, J.,
dissenting:
Respectfully, I dissent from the majority’s opinion. I cannot conclude that the district court in this case so abused its discretion that this court must step in and not only modify the alimony award, but also change the basis for the award.
The majority concludes that the rehabilitative alimony awarded to Ruth was incorrect in light of her stated lack of desire to pursue additional education. The majority then goes on to increase the length of the alimony award by an additional ten years at a different amount, concluding that this plan is more just and equitable as opposed to rehabilitative. I disagree with this conclusion for several reasons.
First, the cases upon which the majority bases its decision are factually different from the case at bar. Heim v. Heim, 104 Nev. 605, 763 P.2d 678 (1988), and Rutar v. Rutar, 108 Nev. 203, 827 P.2d 829 (1992), both involved spouses left with little if any ability to support themselves. In those cases, it was undoubtedly just and equitable to increase what were grossly inadequate alimony awards. However, in this case, Ruth is a highly educated professional quite able to support herself. The district judge awarded alimony to her in order to provide her with the option of continuing her education. I can find no abuse of discretion in such an award.
In addition to what I perceive as no abuse of discretion, I note that jurisdiction was retained by the district court. The district court would have had the option in two years of modifying the alimony award in the event of a change in circumstances. Should the parties’ respective incomes remain inequitably different, the district court would have had the option to adjust the award to remedy the situation. I can see no reason for this court to intrude upon the district court’s jurisdiction over this case by eliminating the district court’s ability to modify its own award. We should defer to the district court’s greater knowledge of the parties and their circumstances.
Finally, I dissent from the majority’s opinion in light of what I see as perilous precedent. I fear that this decision will open the door to numerous appeals based upon objections to alimony *1060 awards. We are not a secondary trial court formed to retry the facts of a case and supersede the decision of the district court. Only in the most egregious of circumstances should we act in such a manner. As such, I am of the opinion that absent a clear abuse of discretion, we must defer to the findings of the district court in its awards of alimony. I cannot conclude that there was an abuse of discretion in the instant case. Accordingly, I dissent from the majority’s decision.